UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL L. CHASSE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 4-56-B-W ) |
| JEFFREY D. MERRILL, et al., | ) ) |
|     Defendant. | ) |

**RECOMMENDED DECISION**

Almost five years ago Michael Chasse sued Warden Jeffrey Merrill and others for both monetary damages and injunctive relief over the prison's failure to award him ninety-nine days of pretrial detention credit on a fifteen-month sentence he had already completed serving.[1]  Recognizing that the case generated "an interesting and unsettled question of law concerning the bringing of civil actions [of this type] pursuant to 42 U.S.C. § 1983,"[2] I recommended dismissal of the action pursuant to Edwards v. Balisok, 520 U.S. 641 (1997) which held that the Heck v. Humphrey, 512 U.S. 477 (1997) bar extends to administrative decisions governing the length of prison confinement, a 'core' habeas concern.  I found the question of law intriguing because it appeared that Chasse was no longer "in custody" under the sentence he was challenging and therefore I opined that he had lost his opportunity to effectively mount a challenge *in this court* under 28 U.S.C. § 2254.  It was then, and remains today, an unsettled question whether someone who is no longer "in custody" under a state court judgment can remedy a constitutional wrong stemming from the fact of his underlying criminal conviction by bringing an

---

[1] Chasse was then, and remains today, still imprisoned on other sentences.  Chasse had apparently completed service of the fifteen-month sentence on July 31, 1998, according to his Amended Complaint, ¶ 22, (Doc. 11).

[2] (Rec. Dec. at 1, Doc. 14.)

action pursuant § 1983. As I indicated in my earlier recommended decision, the First Circuit appears clearly to be in the camp that says such an action cannot be maintained absent some state court action that removes the Heck/Edwards bar. I, of course, follow its lead. See Figueroa v. Rivera, 147 F.3d 77, 80-81 (1st Cir. 1998).[3] Although Chasse alleged in his complaint that he had exhausted all available means of redress under the state process, I had no occasion to consider what, if any, remedies might remain available to him in state court. The case was dismissed by the District Court Judge on November 17, 2004.

On July 19, 2006, Chasse filed a petition for post-conviction review in state court seeking to have the pretrial detention time properly credited to him and thus remove the Heck/Edwards impediment that prevented his § 1983 action from proceeding in this court. On December 15, 2008, the state trial court granted him post-conviction relief and ordered that he be credited for ninety-nine days of pretrial credit on the original fifteen month sentence.[4] Chasse has filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b). I now recommend that the Court deny the motion.

---

[3]   (Rec. Dec. at 7.)

[4]   After Chasse's petition was summarily dismissed in the state trial court, he filed an appeal and the state petition was reinstated by the Law Court, reasoning as follows in a brief opinion:

> [¶1] Pursuant to 15 M.R.S. § 2131 and M.R. App. P. 19, Michael L. Chasse has sought review by the Law Court by filing a petition seeking a certificate of probable cause in this, his first, post-conviction review proceeding. Chasse contends that the Superior Court erred or exceeded its discretion in dismissing his petition for failing to raise any proper grounds for post-conviction review. Based on our review, we determine that the petition should not have been dismissed, because the one-year limitation period in 15 M.R.S. § 2128 does not apply to the petition for relief Chasse filed. Chasse's petition is premised upon 15 M.R.S. § 2124(2), which permits petitions based upon: "[i]ncarceration or increased incarceration imposed pursuant to a post-sentencing proceeding following a criminal judgment, although the criminal judgment itself is not challenged."
> The entry is:
> The Superior Court's dismissal of Chasse's petition is vacated and the matter is remanded to that court for a hearing on the merits of Chasse's claim.

Chasse v. State of Maine, 2008 ME 28, ¶ 1, 942 A.2d 689.

**Discussion**

Chasse claims he is entitled to relief from the previously entered judgment under three separate grounds provided for in Federal Rule of Civil Procedure 60(b). Two are found in Rule 60(b)(5) and concern, respectively, relief from a judgment based on an earlier judgment that has been reversed or vacated and relief from a judgment, the prospective application of which is no longer equitable. The third ground is found in Rule 60(b)(6) and provides for relief from a judgment "for any other reason that justifies relief." Rule 60(b)(6) motions should be granted only where exceptional circumstances exist. Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." Ackermann v. United States, 340 U.S. 193, 211-12 (1950); accord Ahmed, 118 F.3d at 891 (quoting Ackermann).

The Rule 60(b)(5) concerns are simply inapplicable to this case, but that really does not matter because in order to obtain relief under either (b)(5) or (b)(6), this court has to find that the motion was filed within a "reasonable time." Fed. R. Civ. P. 60(c). Chasse is unable to surmount this hurdle. According to the First Circuit a party must be "faultless" to prevail under Rule 60 (b)(6). Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 113, 393 (1993)).

The assistant attorney general representing the defendants in this case comprehensively explains why Chasse is not faultless in terms of the delay in bringing this motion:

> Even were all this to be true, the plaintiff fails to take responsibility for his own lengthy delays in pursuing post-conviction relief. First, according to his amended complaint, ¶¶ 17 18, he did not file his first level grievance until February 25, 1998, eighteen months after he first became aware there was a problem. Then, even though, according to the plaintiff, he has been continuously incarcerated since the deprivation of the pre-trial detention time (see motion, p.6), he did nothing for more [than] two years after getting no relief through the grievance process, that is, not until he decided to figure out

3

if the deprivation was done with the subjective state of mind sufficient to constitute a violation of his civil rights (see motion, p.17, amended complaint, pp.14-16). Notably, while such a determination is a prerequisite to a federal civil rights lawsuit, it is of no consequence to a post-conviction review. Yet, even though the plaintiff says the failure to give him the pre-trial detention time was affecting a sentence he began on July 25, 2000 (see motion, p.17), he still did not initiate a post-conviction review.

Then, he says, he was advised sometime the next year by the assistant attorney general he could not seek post-conviction relief. This does not explain why he did not seek such relief sooner, but, in any event, what actually happened in 2001 was that the plaintiff brought a civil rights action in the Knox County Superior Court (Docket No. CV-01-043), asking for declaratory relief and damages on account of the denial of the pre-trial detention time. The court denied his in forma pauperis application as frivolous. The plaintiff then appealed to the Maine Law Court (Docket No. KNO-01-577). In the defendants' appellate brief, the assistant attorney general contended, as she did in her motion to dismiss in this federal court case, that bringing a post-conviction petition at that point in time would be too late. The Law Court denied the appeal on July 26, 2002, without commenting on the viability of such a petition in the plaintiff's circumstances, but pointing out that post-conviction review is the only mechanism under Maine law to challenge the denial of credit for pre-trial detention time. (A copy of the decision is being filed for the court's convenience.) Obviously, if the plaintiff got any "advice" from this, it was that he needed to bring a post-conviction review action.

Yet, he waited for nearly two more years, at which point, instead of filing a post-conviction review petition, he filed his complaint in this case. All in all, from the time the plaintiff first became aware he was not credited with the pre-trial detention time until he brought this action, nearly seven years had passed without his filing a post-conviction review petition and with nothing that could be said with a straight face to have been a significant obstacle placed in his way of doing so. Because the plaintiff had ample opportunities to have made this a cognizable lawsuit before he brought it, but did not avail himself of them, the plaintiff should not now be allowed to reopen it. As an aside, the fact that the plaintiff was able to bring at least two civil rights lawsuits, one in state court, which he pursued on appeal, and one in federal court, when he should have been pursuing post-conviction relief,3 (Footnote omitted) as well as that he was able to put together a comprehensive motion for relief from judgment citing many cases just ten weeks after obtaining post-conviction relief, belies any claim that he was ever hindered in doing the legal research necessary to bring a post-conviction review action (see motion, pp.6, 19, 21, 25, 26).

As for what happened after this lawsuit was brought, the plaintiff is again off-base in blaming others. A reading of the recommended decision on the defendants' motion to dismiss shows that the Magistrate Judge did not at any time opine that the plaintiff could not succeed on a state post-conviction review petition. While that is what the Penobscot Superior Court Judge held when the plaintiff finally did file a petition for post-conviction review, this does not explain why he waited four years after the dismissal of his Law

4

> Court appeal and twenty months after the dismissal in this federal court case to file that state court petition. Nor does it make any sense for the plaintiff to claim that he could not get post-conviction relief granted to him sooner because, between May 21, 2004 and October 4, 2007, his primary sentence was being interrupted by other sentences (see motion, pp.19-20). There is nothing in Maine law to this effect. Moreover, it was during this time period, on July 19, 2006, that he filed his petition, and, as he himself says, it was denied a year later on another ground entirely.
> 
> Thus it is clear, considering both the nearly seven year delay by the plaintiff prior to bringing this lawsuit and adding to it the over year and a half delay on his part after this lawsuit's dismissal before he ever filed for post-conviction relief, by far the greater part of the overall ten and a half year delay in the plaintiff's obtaining of post-conviction relief was of his own making. This means both that there is no "other reason that justifies relief" and that the plaintiff's motion has not been brought "within a reasonable time." Further to the latter, there is a need for finality of judgments. It has been over four years since the dismissal of this case, a dismissal which, because it was grounded on the plaintiff's failure to state a claim upon which relief can be granted, and because the order did not specify otherwise, was with prejudice. See Fed.R.Civ.P. 41(b). Because of this, it would prejudice the defendants for this case to be reopened at this late date.

(Mot. Dismiss at 3-7, Doc. 23.)

Chasse has failed to bring this motion within a reasonable time after the judgment was entered. The most glaring delay, in terms of assessing the merits of the Rule 60(b)(6) motion's "reasonable time" requirement is the twenty-month delay between the dismissal of this action and the filing of his ultimately successful state court post-conviction petition. However the entire history of the litigation illustrates even more fully why Chasse is not faultless in terms of the delay and why he should not obtain relief from judgment.

## Conclusion

Based upon the foregoing I recommend the Court deny the motion for relief from judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days

5

of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 27, 2009.